In the Supreme Court of Georgia

Decided: October 6, 2014

S14Y1518.  IN THE MATTER OF TED WEBSTER WOOTEN, III.
S14Y1519.  IN THE MATTER OF TED WEBSTER WOOTEN, III.

PER CURIAM.

These disciplinary matters are before the Court on two Notices of Discipline seeking the disbarment of Ted Webster Wooten, III (State Bar No. 303708).  Wooten acknowledged service of the Notices of Discipline, but failed to file Notices of Rejection.  Therefore, he is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court.  See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Wooten's default, show that Wooten, who was admitted to the Bar in 2008, was retained by Freeman and Lisa Donald in 2011 to represent them in a personal injury case.  After settling the case for approximately $100,000 in January 2012, Wooten told the Donalds that he would hold the funds in his trust account until subrogation and medical lien issues were resolved.  He then withdrew what he deemed to be his fee

without notifying the Donalds. Shortly thereafter, he began withdrawing the funds for his personal use and continued to do so until the funds were exhausted. During this time, he lied to the Donalds about the status of his alleged efforts to resolve the medical liens. In May 2013, Wooten told the Donalds he had used all their funds; he has not reimbursed them. The facts also show that in February 2013 SunTrust Bank notified the State Bar of an overdraft of approximately $2,600 in Wooten's trust account.

Based on these facts, the Investigative Panel found probable cause to believe that Wooten violated Rules 1.3, 1.4 , 1.7, 1.15 (I), 1.15 (II), 1.16, 8.4 (a) (1), and 8.4 (a) (4), of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.3, 1.7, 1.15 (I), 1.15 (II), 8.4 (a) (1), and 8 (a) (4) is disbarment, and the maximum sanction for a violation of Rules 1.4 and 1.16 is a public reprimand.

In aggravation of discipline, the Investigative Panel considered that Wooten acted willfully, that he failed to file a sworn, written response to the Notice of Investigation issued in connection with the SunTrust overdraft, as required by Bar Rule 4-204.3, that he received a formal letter of admonition from the Investigative Panel in 2012, and that he has failed to keep the State

2

Bar's Membership Department informed of his current address.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in these matters. Accordingly, it is hereby ordered that the name of Ted Webster Wooten, III be removed from the rolls of persons authorized to practice law in the State of Georgia. Wooten is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.